John L. Flynn, J.
This is an application for the judicial settlement of a trust account, and for the construction of a trust agreement and of two amendatory instruments. The settlor of the trust died in May, 1960 and left surviving him a widow and two adult children. By an instrument dated September 12, 1930, he created a trust which directed that certain annuity payments be made to his wife and children during the lifetime of his wife, and upon her death that portions of the principal shall be paid to the children as they reach certain ages. Provision was also made for the disposition of the principal to other relatives in the event that the children do not survive the donor and his wife. The donor reserved the right, with the consent of certain designated persons, to alter the provisions relating to the distribution of the principal and income (§ 1, subd. A, B & C).
With the written consent of the persons required by the 1930 agreement, an instrument was executed by the settlor dated December 30, 1946 which amended the dispositive provisions of the original trust agreement and further provided that the settlor may, “ after the death of his wife, accelerate the time of payments of the whole or any part of the principal of the trust ’ ’ (§ 1, subd. A).
In July, 1954, the settlor executed a third instrument, which provided in part, that immediately upon the death of his wife,' the principal of the trust shall be paid to his children. This instrument having been executed during the lifetime of the donor’s wife, the attempt to accelerate payments of principal violates the restriction upon the donor contained in subdivision A of section 1 of the 1946 agreement, and was therefore ineffective.
Under the 1930 agreement the settlor retained the power to direct investments and to permit the trustee to invest in so-called nonlegals, but the trustee was restricted to legal investments after the settlor’s death. However, the 1954 instrument contained a provision to the effect that upon the death of the settlor the investment powers shall be exercised in such manner as his wife directs (§3, subd. B) and upon her death it shall be so exercised by his oldest child. The court holds that by this amendatory provision the donor intended that after his death, his wife and children should have the same power to *29 control investments which he had under the original trust agreement, namely, an unrestricted power to invest in securities, regardless whether or not they constituted legal investments.
The trustee’s account is approved as filed. Settle order with provision for fees and allowances, at which time affidavits of legal services shall be submitted to the court.